SHINORS, APPELLANT, *v.* JOSLIN, RESPONDENT.

(No. 3,985.)

(Submitted March 21, 1919. Decided April 17, 1919.)

[180 Pac. 574.]

*Ejectment—Adverse Possession—Burden of Proof—Evidence—Sufficiency.*

Ejectment—Adverse Possession—Burden of Proof.
1. Where plaintiff in an action in ejectment has shown legal title in himself, the burden of establishing, by clear and convincing proof, his claim of title by adverse possession rests upon defendant.

Same—Evidence—Sufficiency.
2. Evidence showing that defendant and her predecessors had maintained a fence, coalshed and residence, for more than thirteen

years, upon land in controversy in an action in ejectment, *held* sufficient to warrant the jury in finding the issue of title by adverse possession in favor of defendant.

[As to inclosure of land as essential to adverse possession, see note in **Ann. Cas. 1913A,** 750.]

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by William Shinors against Laura Joslin. From a judgment for defendant and an order denying plaintiff a new trial, he appeals. Judgment and order affirmed.

*Mr. L. M. Van Etten,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. J. O. Davies,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action in ejectment. It is alleged in the complaint that plaintiff is the owner of lot 2 in block 5 of the Noyes & Upton Railroad Addition No. 2 to the city of Butte; that the defendant is the owner of lot 1, which adjoins plaintiff's lot on the northwest; and that in the year 1914 the defendant erected a coalshed, fence and residence along the boundary line between the lots, which encroached upon plaintiff's lot and ousted him from the possession of two portions thereof. One of these portions is described as a triangular strip four and one-half inches wide at the base, and eighteen and seven-tenths feet in length, extending along the boundary line to its apex, over which the roof of defendant's residence projects; and the other as a strip eight inches wide at one end, two inches wide at the other, and sixty-seven feet long, from which the plaintiff is excluded by defendant's fence and coalshed. In her answer, the defendant put in issue all the material averments of the complaint, and alleged title in herself to the disputed strips by possession and adverse use for more than ten years prior to the commencement of this action. The

trial in the district court resulted in a judgment in favor of defendant. Plaintiff has appealed from the judgment and an order denying him a new trial.

The single question submitted to this court is whether the [1, 2] evidence is sufficient to justify the verdict. Calling attention to the elementary rule of law that in ejectment, the plaintiff having shown legal title in himself, the burden is upon defendant to establish his claim of title by adverse possession, by clear and convincing proof, he argues that the evidence was wholly insufficient to warrant the submission of the case to the jury. We shall not undertake to reproduce and examine the evidence. After a careful reading of it, we have concluded that counsel's argument is not maintainable. There was evidence which justified the jury in finding that defendant and her predecessors had maintained the fence, coalshed and residence covering the areas in controversy, and had thus been in possession of them adversely under claim of title since the fall of the year 1901, or for more than thirteen years prior to the beginning of this action. The several propositions considered and determined in the case of *Rude* v. *Marshall*, 54 Mont. 27, 166 Pac. 298, decided since these appeals were taken, in which the evidence in all substantial particulars was very much the same as here, are conclusive of this case. Upon the authority of that case, the judgment and order are affirmed.

*Affirmed.*

Mr. Justice Holloway and Mr. Justice Cooper concur.